**FILED**

December 10, 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By: _____DT_____
Deputy

# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>**JUAN LOPEZ,**<br><br>Defendant. | **SEALED** **Case No: EP:25-CR-02995-LS**<br><br>**I N D I C T M E N T**<br>**CT 1:** 18 U.S.C. § 2252(a)(2) & (b)(1) – Receipt or Distribution of a Visual Depiction Involving the Use of a Minor Engaging in Sexually Explicit Conduct<br><br>**CT 2:** 18 U.S.C. § 2252(a)(4)(B) & (b)(2) – Possession of a Visual Depiction Involving the Sexual Exploitation of a Minor (Prepubescent/Under 12 Years of Age).<br><br>*Notice of Government's Demand for Forfeiture* |

THE GRAND JURY CHARGES:

## COUNT ONE

Beginning on or about June 1, 2023, and continuing through on or about February 29, 2024, within the Western District of Texas, Defendant,

**JUAN LOPEZ,**

did knowingly receive or distribute any visual depiction using a means or facility of interstate and foreign commerce and that had been transported in interstate and foreign commerce, by any means including by computer, the production of which involved the use of a minor engaging in sexually explicit conduct as defined Title 18 United States Code, Section 2256(2), and such visual depiction was of such conduct, all in violation of Title 18, United States Code, Section 2252(a)(2) and (b)(1).

# COUNT TWO

On or about May 22, 2025, within the Western District of Texas, Defendant,

**JUAN LOPEZ,**

knowingly possessed matter which contained any visual depiction, the production of which involved the use of a minor engaging in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), which visual depictions had been transported in interstate and foreign commerce, to wit: by computer, and were produced using materials which had been shipped and transported in interstate and foreign commerce by any means, including by computer, and the production of which involved the use of a minor engaging in sexually explicit conduct, said minor being prepubescent and having not attained the age of 12 years, and such visual depictions were of such conduct, in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and (b)(2).

## NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. P. 32.2]

### I.
### Possession of Child Pornography Violation and Forfeiture Statutes
[Title 18 U.S.C. §§ 2252(a)(2), (a)(4)(B), (b)(1) and (b)(2), subject to criminal forfeiture pursuant to Title 18 U.S.C. §§ 2253(a)(1), (2) and (3)]

As a result of the criminal violations set forth above, the United States of America gives notice of its intent to seek the forfeiture of the property described below from Defendant **JUAN LOPEZ** including but not limited to computer(s), electronic equipment, accessories, and devices, upon conviction and pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. §§ 2253(a)(1), (2), and (3), which state:

**Title 18 U.S.C. § 2253. Criminal forfeiture**

>**(a) Property subject to criminal forfeiture.** -A person who is convicted of an offense under this chapter involving a visual depiction described in section 2251, 2251A, 2252, 2252A, or 2260 of this chapter or who is convicted of an offense under section 2251B of this chapter, or who is convicted of an offense under chapter 109A, shall forfeit to the United States such person's interest in-
>
>>**(1)** any visual depiction described in section 2251, 2251A, 2252, 2252A, or 2260 of this chapter, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter;
>>**(2)** any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and
>>**(3)** any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

This Notice of Demand for Forfeiture includes but is not limited to the property described in Paragraph II.

## II.
## Property

1. Toshiba Computer; S/N 6D204460Q;
2. Sony Laptop PCG-6D1L; CXSM507BRD01-D480;
3. Toshiba Laptop PSLL0U-00M00D; S/N 69626889Q;
4. HP Elitebook Laptop XX047AV; S/N 2CE2342C8F;
5. HP Laptop 11-AK0035NR; S/N 5CD044CTRB;
6. Macbook Pro C02KH02NFGFJ; S/N C02KH02NFGFJ;
7. Macbook Pro C02PR2EYFVH9; S/N C02PR2EYFVH9;
8. Blu Tablet M10L Pro;
9. iPad; S/N DLXF93GPDFHY;
10. Samsung Tablet; S/N R32C600C2TM;
11. iPad; S/N DMPYVE0KJF8K;
12. iPad; S/N DMPYV250JF8K;
13. Pink iPhone; Package Barcode SP000000000000546529;
14. Gold Sense Cellphone; S/N -990019135044032;
15. Blue Samsung Galaxy Note 5; S/N 353756070036371;
16. Rose iPhone Model A1779;
17. One UUO USB;

18. Sixteen USB drives;
19. Two Sandisk USB;
20. Nine SD Cards;
21. One SIM card;
22. Ten Hard Drives;
23. Sixty Five Compact Discs;
24. Any and all other property and/or accessories involved in or used in the commission of the criminal offense; and
25. Any and all other property involving any visual depiction described in section 2251, 2251A, or 2252, 2252A, 2252B, or 2260.

A TRUE BILL.

FOREPERSON OF THE GRAND JURY

JUSTIN R. SIMMONS
UNITED STATES ATTORNEY

BY: _____
Scott Wisniewski
Assistant U.S. Attorney